```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


Jason Jones,                    :

         Plaintiff,             :    Case No.  2:11-cv-871

   v.                           :    JUDGE GREGORY L. FROST
                                     Magistrate Judge Kemp
Warden, Ross Correctional       :
Institution, et al.,
                                :
         Defendants.
```

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff, Jason Jones, an inmate who was housed at Ross Correctional Institution at the time relevant to this action, filed this action against several state employees in their individual and official capacities pursuant to 42 U.S.C. §1983. Defendants have filed a motion to dismiss, which has been fully briefed. For the following reasons, it is recommended that the motion be granted in part and denied in part as described below.

Defendants have also filed a Motion to Strike "Plaintiff's Response to Defendants Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss." Defendants argue that the filing at issue, which is essentially a sur-reply, could not have been filed without leave from the Court for good cause shown. However, because the content of Mr. Jones's sur-reply did not affect the Court's analysis below, the motion to strike is denied as moot.

### I. The Complaint

The following allegations, which are taken to be true for purposes of ruling on the Defendants' motion to dismiss, are from Mr. Jones's complaint. Because Mr. Jones is without counsel, his

complaint must be liberally construed.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

From May 8, 2009 to the time of the filing of the complaint, Defendants Lieutenant Lunsford, Lieutenant Morison, and Lieutenant Powers, all employees at the Ross Correctional Institution, conspired "on multiple occasions" to place Mr. Jones in harm's way "by repeatedly moving him to housing units that are [d]angerous to him[] [i]n a[n] attempt to kill or seriously injure him and extort plaintiff to work without proper pay from the state."  In addition, defendant prison officials "conspired to sexually [harass], [oppress], extort and place hits on plaintiff by paying inmates with tobacco and sex."  Mr. Jones claims to have been brutally assaulted on multiple occasions and has received multiple injuries including partial loss of vision in one eye.

Furthermore, Mr. Jones claims that defendant prison officials Jeffreys and Whitten "demonstrated deliberate indifference and [dereliction] of duty in violation of Ohio Revised Code 2941.44 [sic 2921.44]."  In particular, he asserts that they failed to take corrective action to address the risk faced by Mr. Jones when they received a grievance on June 14, 2011.  As a part of that failure, they disapproved Mr. Jones's request for protective custody.

Mr. Jones alleges that he is currently being housed in disciplinary confinement "under solitary confinement 23 hour a day lockdown" because Ross Correctional Institution does not contain a lawful protective custody facility.  The absence of a lawful protective custody facility "compel[led] [W]arden Jeffreys to disapprove plaintiff[']s 'P.C.' request forc[ing] plaintiff to result to 'D.C.' as a result of his immin[e]nt Danger from the forementioned 'Lts'."

Mr. Jones also alleges that "[a]ll acts of misconduct

2

occurred as a direct proximate result of defendants['] inactions to provide saf[e]ty to plaintiff in violation of the 8th Amendment in contravention of 42 USC Sec 1983 and defendants are liable for conspiracy . . . ."

Mr. Jones seeks monetary damages as well as injunctive relief. In terms of injunctive relief, he seeks immediate transfer from Ross Correctional Institution to the closest institution with a protective confinement facility in order to avoid the continuing retaliation. He seeks placement in protective confinement (as opposed to disciplinary confinement) in an institution that has a lawful protective confinement facility. Since the time he filed his complaint, Mr. Jones has been transferred out of Ross Correctional Institution and is currently housed at the Toledo Correctional Institution. (Docket No. 8.)

## II. Legal Standard

A motion to dismiss under Fed. R. Civ. P 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). All well-pleaded factual allegations must be taken as true and be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009). Rule 8(a) admonishes the Court to look only for a "short and plain statement of the claim," however, rather than requiring the pleading of specific facts. Erickson v. Pardus, 551 U.S. 89 (2007).

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim.

3

Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.  See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978).  Rule 12(b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  5A Wright & Miller, Federal Practice and Procedure §1356 (1990).  The moving party is entitled to relief only when the complaint fails to meet this liberal standard.  Id.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).  "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Id. (emphasis in original, quotes omitted).

> "[W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

Id. at 437 (internal quotations and citations omitted).  It is with these standards in mind that the motion to dismiss will be decided.

Furthermore, because this is a proceeding in forma pauperis, the Court may dismiss the complaint sua sponte pursuant to 28 U.S.C. §1915(e)(2) if "(B) the action . . . is frivolous or

4

malicious [or] fails to state a claim on which relief can be granted . . . ."

### III. Discussion

Although Defendants have filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants do not address the elements of any particular claims.  Instead, they point to general deficiencies such as the failure to connect allegations to any named Defendant, the failure to connect factual allegations to legal conclusions, the absence of allegations of specific acts of individual Defendants, and the absence of details such as the location and timing of specific acts.  While the complaint is certainly vague and sparse, those deficiencies are not proper grounds for granting a motion to dismiss for failure to state a claim.  Rather, the question is whether Mr. Jones has alleged facts sufficient to state claims upon which relief may be granted.  Accordingly, this Court will examine the different claims in turn.

A.  <u>Constitutional Claims against Defendants Lunsford, Morison, and Powers pursuant to §1983</u>

"To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>Salehpour v. University of Tennessee</u>, 159 F.3d 199, 206 (6th Cir. 1998) (internal quotations and citations omitted).  Mr. Jones has alleged that Defendants Lunsford, Morison, and Powers violated his Eighth Amendment right to be free from cruel and unusual punishment.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners.

5

. . . and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations and internal quotations omitted).  The Supreme Court has specifically held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Id. at 833 (citations and internal quotations omitted).  To state a claim pursuant to the Eighth Amendment, a plaintiff must allege (1) a deprivation that is objectively "sufficiently serious," for example, that the plaintiff is "incarcerated under conditions posing a substantial risk of serious harm," and (2) that the defendant prison official has a "sufficiently culpable state of mind," specifically one of "deliberate indifference" to inmate health or safety.  Id. at 834 (citations and internal quotations omitted).  Regarding the first prong, "[i]n the abstract, one prison inmate's threat to the health and safety of another inmate is 'sufficiently serious' to satisfy this requirement." Williams v. McLemore, 247 Fed. Appx. 1, 9 (6th Cir. June 19, 2007). Regarding the second prong, deliberate indifference means "know[ing] of and disregard[ing] an excessive risk to inmate health or safety."  Farmer, 511 U.S. at 837.

    Here, Mr. Jones has alleged facts sufficient to satisfy the first prong – allegations of a deprivation that is objectively "sufficiently serious."  To demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm, Mr. Jones has alleged that prison officials at Ross Correctional Institution conspired to hire other inmates to sexually harass, oppress, extort, and place hits on him and that he was brutally assaulted on multiple occasions and has received multiple injuries including partial loss of vision in one eye.  These allegations go beyond the typical failure to protect claim where an inmate is being threatened by other inmates and the defendants merely learn of the threats.  See, e.g., Williams, 247 Fed. Appx.

1.  Instead Mr. Jones alleges that the defendants created the danger by hiring the inmates to harass and even "place hits on" Mr. Jones.  In this context, the Court interprets the phrase "place hits on" to mean arranging for Mr. Jones to be murdered or assaulted.  Whether such acts are construed as a failure to protect him; or as acts that denied Mr. Jones of the "minimal civilized measure of life's necessities," Farmer, 511 U.S. at 834, the complaint describes actions which are serious enough to rise to the level of an Eighth Amendment deprivation.

Mr. Jones has also alleged facts supporting his claim that the defendant prison officials subjectively knew of and disregarded the excessive risk to his health and safety.  In particular, he alleges that Defendants Lunsford, Morison, and Powers knowingly moved him to housing units that were dangerous to him with the specific purpose of killing or seriously injuring him and extorting him to work without proper pay from the state. In addition, he alleges that Defendants "conspired to sexually [harass, oppress,] extort and place hits on plaintiff by paying inmates with tobacco and sex."

Defendants allege that these pleadings are insufficient to state a claim because they fail to connect allegations to any named Defendant.  To the contrary, Mr. Jones specifically alleges that Defendant Lieutenant Lunsford, Defendant Lieutenant Morison, and Defendant Lieutenant Powers placed Mr. Jones in housing units that were dangerous to him with the intent of killing, seriously injuring, or extorting him.  Further, although Mr. Jones does not repeat the names of the three defendants in the allegation that immediately follows regarding the conspiracy to hire other inmates to harass, extort and kill Mr. Jones, the context supports an inference that it refers to the same three defendants.  First, the allegation immediately follows the allegation where he identifies the three Lieutenant defendants.

7

Second, Mr. Jones addresses allegations against the remaining two defendants in the following paragraph. Third, in his plea for injunctive relief, Mr. Jones explains that he was in danger from the "Lts.", and Defendants Lunsford, Morison, and Powers are the three defendants that Mr. Jones identifies as lieutenants. Accordingly, construing the allegations in the light most favorable to Mr. Jones, he has tied those allegations to Defendants Lunsford, Morison, and Powers. The allegations against those three defendants satisfy the liberal pleading standard of Rule 8(a) with respect to Mr. Jones's claim that his Eighth Amendment rights were violated.

To the extent that Mr. Jones has alleged a claim under the Due Process Clause of the Fourteenth Amendment against Defendants Lunsford, Morison, and Powers, that claim is redundant of the Eighth Amendment claim and need not be considered because "the Due Process Clause affords [prison inmates] no greater protection than does the Cruel and Unusual Punishment Clause." Stewart v. Wilkinson, No. 2:03-cv-0687, 2008 WL 2674843, *9 (S.D. Ohio July 7, 2008) (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986) and citing Lee v. Baker, 181 F.3d 101 (table), 1999 WL 282652 at *1 (6th Cir. Apr. 30, 1999)). That claim should therefore be dismissed.

B. Constitutional Claims against Defendants Jeffreys and Whitten pursuant to §1983

Mr. Jones has alleged that Defendant Warden Jeffreys and Defendant Inspector Whitten "demonstrated deliberate indifference and [dereliction] of duty in violation of Ohio Revised Code [2921.44] [by] failing to take corrective action to address risk faced by plaintiff when notified by grievance from chief inspector on June 14, 2011 and disapproving protective custody requested by plaintiff d[e]spite plaintiff's imminent danger, depriving him [of] procedural due process." The Court will first

8

address the section 1983 deliberate indifference claim.

"The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under §1983." Grinter v. Knight, 532 F.3d 567, 576 (6th Cir. 2008) (citations omitted) (also noting that "an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause."); see also Argue v. Hofmeyer, 80 Fed. Appx. 427, 430 (6th Cir. 2003) (holding that the plaintiff failed to state a claim concerning the alleged interference with his ability to file grievances "because there is no inherent constitutional right to an effective prison grievance procedure"). In the context of an Eighth Amendment failure to protect claim, in order for a denial of a grievance to rise to the level of a constitutional violation, there must be allegations that the defendant had subjective knowledge of the threats and that the defendant acted unreasonably in disregarding the risk. Williams v. McLemore, 247 Fed. Appx. 1 (6th Cir. June 19, 2007) (holding that plaintiff failed to state a claim against several defendants involved in the grievance process but did state a claim against one defendant involved in the grievance process). In Williams v. McLemore, the Court of Appeals upheld the denial of summary judgment for one defendant (McLemore), holding that he stood in a different position from the other defendants because there were allegations that he had subjective knowledge of the danger to the plaintiff and that he acted unreasonably by not conducting a Security Classification Committee meeting to determine proper placement for the plaintiff. Id. at 11-12 n.6 (noting that because the grievance was forwarded to Defendant McLemore "with the implied instruction to conduct an SCC meeting, and McLemore failed to do so, this case is distinguished from our prior cases that have held that a prison official's denial of an administrative grievance cannot be

9

the basis of liability," (citing Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) where plaintiff's only allegations against defendants was their 'denial of his administrative grievances')).

There are no allegations against Defendant Whitten beyond the allegation that he denied the request for protective custody as a part of the grievance process. That allegation is not sufficient to state a claim against him for deliberate indifference.

There is one additional allegation against Defendant Jeffreys. Mr. Jones alleges that the absence of a lawful protective custody facility "compel[led] warden Jeffreys to disapprove plaintiff[']s [protective custody] request forcing plaintiff to result to [disciplinary confinement] as a result of his imminent danger from the forementioned 'Lts.'" A similar set of circumstances was at issue in Meyer v. McNicholas, 2:07-CV-1253, 2009 WL 1362734 (S.D. Ohio May 14, 2009). In that case, the Southeastern Correctional Institution did not have a protective custody unit. Id. at *2. The defendant in that case testified that if an inmate asked for protection from other inmates, the defendant would ask the inmate if he wanted to "refuse to lock," which meant opting for a disciplinary violation in order to be placed in disciplinary control. Id. at *2. While this might provide an inmate with safety from the other inmates, it would be recorded on the inmate's conduct report as disobeying an officer. Id. The Court in that case held that the defendant failed to demonstrate as a matter of law that she took reasonable measures to protect the plaintiff. Id. at *4. The Court, in leaving that question for the jury to determine, further stated, "[t]he Court cannot conclude that resort to a fabricated disciplinary procedure in lieu of protective custody is, as a matter of law, a reasonable response to a risk of serious harm to

an inmate. Particularly is this true where, as here, defendant had other options, including the removal of the accused perpetrators from the living unit, available to her." Id.

The motion before this Court requires a determination of whether the allegations, read in the light most favorable to Mr. Jones, set forth a claim of deliberate indifference against Defendant Jeffreys.  While the allegations against Defendant Jeffreys are minimal at best, the allegation that the absence of a lawful protective custody facility "compel[led] warden Jeffreys to disapprove plaintiff[']s [protective custody] request forcing plaintiff to result [sic] to [disciplinary confinement] as a result of his immin[e]nt danger from the forementioned 'Lts,'" suggests that Defendant Jeffreys would have approved the protective custody request if there had been such a unit in which to place Mr. Jones.  From that allegation, it is reasonable to infer that Defendant Jeffreys had subjective knowledge of the dangers facing Mr. Jones and that instead of taking other action to alleviate those dangers, he forced Mr. Jones to opt for disciplinary confinement.  Construing the complaint liberally, this allegation is sufficient to set forth a claim that Defendant Jeffreys violated the Eighth Amendment.

C.   State Law Claims

Mr. Jones has alleged that Defendants Jeffreys and Whitten violated O.R.C. §2941.44, but it appears that he intended to allege that they violated O.R.C. §2921.44.  The former is a statute involving the arrest and return of escaped convicts and is not applicable to the instant case.  The latter sets forth a misdemeanor offense of dereliction of duty.  Ohio Rev. Code § 2921.44.  It appears that Mr. Jones wishes to allege a violation of subsection (C)(3), which provides in relevant part:

> (C) No officer, having charge of a detention facility, shall negligently do any of the following:

11

>   (3) Fail to control an unruly prisoner, or to
> prevent intimidation of or physical harm to a prisoner
> by another;

Ohio Rev. Code § 2921.44(C)(3). Assuming that such a section provides a civil cause of action that is appropriately before this Court, which has not been addressed by the parties, Mr. Jones nonetheless fails to plead facts supporting such a cause of action against Defendants Jeffreys and Whitten. There are no factual allegations suggesting that Defendants Jeffreys or Whitten failed to prevent other inmates from intimidating or physically harming Mr. Jones. Accordingly, Mr. Jones has failed to state a claim pursuant to O.R.C. §2941.44 or §2921.44.

D.  Injunctive Relief

Mr. Jones seeks injunctive relief, specifically that he be transferred out of Ross Correctional Institution to avoid ongoing retaliation. Since the time he filed his complaint, Mr. Jones has been transferred out of Ross Correctional Institution and is currently housed at the Toledo Correctional Institution. Accordingly, his request for injunctive relief is moot. See, e.g., Brown v. Collins, No. 2:07-cv-0826, 2010 WL 55720, *2, 4 (S.D. Ohio Jan. 4, 2010) (citing Becker v. Montgomery, 43 Fed. Appx. 914, 915 (6th Cir. 2002); additional citations omitted).

IV. Order

Defendants' Motion to Strike (#14) is denied as moot.

V. Recommended Order

It is recommended that Defendants' Motion to Dismiss (#10) be granted in part and denied in part as follows. It is recommended that Defendants' Motion be granted as to all claims against Defendant Whitten, and granted as to the state law claim and the claim for injunctive relief. It is recommended that Defendants' Motion be denied as to the remaining claims.

VI.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge