IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Jason Jones,                    :

        Plaintiff,              :

    v.                          :        Case No. 2:11-cv-871

Warden Ross Correctional        :        JUDGE GREGORY L. FROST
Institution, et al.,                     Magistrate Judge Kemp

        Defendants.             :

ORDER

        The background of this prisoner civil rights case, involving
plaintiff Jason Jones' claim that he was assaulted and injured by
other prisoners as a result of actions by prison officials, is
more fully set forth in this Court's Report and Recommendation
filed on April 10, 2012.  The recommendation made at that time,
and subsequently adopted by the Court, was that all claims
against Defendant Whitten, all state law claims, and Mr. Jones'
claim for injunctive relief, be dismissed, and that his claims
against the remaining defendants should proceed.  Since that
time, the remaining defendants have filed an answer and the Court
has issued a scheduling order.

        On May 7, 2012, Mr. Jones filed a response to the answer.
Defendants moved to strike that response.  More recently, Mr.
Jones moved for joinder of the Ohio Department of Rehabilitation
and Correction as a defendant, and also filed what he has called
a motion to compel discovery.  This order resolves all of the
pending motions.

I.

        Defendants' motion to strike is based on the fact that,
under the Federal Rules of Civil Procedure, the filing of an
answer usually closes the pleadings, and a response to an answer

is not allowed.  Mr. Jones has responded by arguing that
defendants improperly used their answer to raise objections to
the Report and Recommendation, apparently by asserting in the
answer the defense of failure to state a claim upon which relief
can be granted.  In his response to the answer, he also raises
some issues about the accuracy of the answer itself.

Defendants' motion raises a basic procedural question,
namely, should the Court strike a pleading which the Rules of
Civil Procedure do not permit.  The general answer to that
question is yes.  As this Court has held, "[p]leadings which are
not timely filed, and for which the Court has not granted an
extension, are routinely stricken." <u>Amick v. Ohio Dept. of
Rehabilitation & Corrections</u>, 2011 WL 4055246, *2 (S.D. Ohio
Sept. 8, 2011).  The same rule applies to pleadings which are not
authorized at all.  <u>See, e.g., Oy Tilgmann, AB v. Sport Pub.
Intern., Inc.</u>, 110 F.R.D. 68 (E.D. Pa. 1986)(striking an amended
answer which was filed without leave of court).  There is no
question that a response to an answer is an unauthorized
pleading.  <u>See</u> Fed.R.Civ.P. 7(a)("Only these pleadings are
authorized ... (7) if the court orders one, a reply to an
answer").  The Court did not order Mr. Jones' reply, nor does it
find his arguments in opposition to the motion to strike
persuasive.  Defendants are permitted to raise, in their answer,
the affirmative defense of failure to state a claim upon which
relief can be granted.  <u>See</u> Fed.R.Civ.P. 12(h)(2)(" Failure to
state a claim upon which relief can be granted ... may be raised
(A) in any pleading allowed or ordered under Rule 7(a)").
Therefore, the Court will grant the motion to strike.

II.

Mr. Jones' recent motions will, for different reasons, also
be denied.  His motion for joinder is best construed as a motion
for leave to amend his complaint to add a new party defendant.

However, although the Court is generally required to grant leave to amend freely, see Fed.R.Civ.P. 15(a), it need not do so when the proposed amendment would be futile. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990). The Department of Rehabilitation and Correction is an arm of the State of Ohio and is immune from suit in a federal court due to the Eleventh Amendment. Stayner v. Ohio Dept. of Rehabilitation and Correction, 2010 WL 2620586. *5 (S.D. Ohio June 25, 2010)("The Eleventh Amendment proscribes suits in federal court against the state or any of its agencies or departments unless the state has given express consent, regardless of the relief sought"). Therefore, the joinder of that agency as a defendant in this case would be an exercise in futility.

Mr. Jones' motion to compel discovery appears not to be a motion, but his actual discovery request served on the defendants. If he intended it as a motion, it is clearly premature. A motion to compel discovery may not be filed until the opposing party has failed or refused to produce the requested discovery, and the party who served the discovery then engages in an extrajudicial effort to resolve the parties' disagreement. Fed.R.Civ.P. 37(a)(1)("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). The motion will therefore be denied, but to the extent that the motion is actually a discovery request, the denial of the motion does not relieve defendants of their obligation to respond to the request.

### III.

For the reasons set forth above, defendants' motion to strike (Doc. 22) is granted, and the response to the answer (Doc. 21) is stricken. Plaintiff's motions for joinder (Doc. 24) and

to compel discovery (Doc. 25) are denied.

IV.

Any party may, within fourteen days after this Order is
filed, file and serve on the opposing party a motion for
reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A),
Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt.
I., F., 5.  The motion must specifically designate the order or
part in question and the basis for any objection.  Responses to
objections are due fourteen days after objections are filed and
replies by the objecting party are due seven days thereafter.
The District Judge, upon consideration of the motion, shall set
aside any part of this Order found to be clearly erroneous or
contrary to law.

This order is in full force and effect, notwithstanding the
filing of any objections, unless stayed by the Magistrate Judge
or District Judge.  S.D. Ohio L.R. 72.4.

                              /s/ Terence P. Kemp
                              United States Magistrate Judge