**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JASON JONES,**

**Plaintiff,**

**Case No. 2:11-cv-0871
JUDGE GREGORY L. FROST
Magistrate Judge Kemp**

**v.**

**WARDEN, ROSS CORRECTIONAL INSTITUTION, et al.,**

**Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Jason Jones's objection (ECF No. 55) to the Report and Recommendation of the Magistrate Judge (ECF No. 51). In the Report and Recommendation, the Magistrate Judge recommended that this Court grant Defendants' motion for summary judgment (ECF No. 42) and that this case be dismissed. (Report and Recommendation, ECF No. 51 at PageID# 446.) Also before the Court is Defendants' motion to dismiss Plaintiff's objections to the Report and Recommendation as untimely (ECF No. 58), which this Court treats as Defndants' response to Plaintiff's objections, and Plaintiff's response thereto (ECF No. 59).

The Court **OVERRULES** Plaintiff's objections (ECF No. 55) as untimely, **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 51), and **GRANTS** Defendants' motion for summary judgment (ECF No. 42).

**I.**

In this action brought under 42 U.S.C. § 1983, Plaintiff alleges that Defendants Lieutenant Lunsford, Lieutenant Morison, and Lieutenant Powers, all of whom are employees of Ross Correctional Institution, conspired to harm Plaintiff by placing him in housing units that were "dangerous" to him. (*See* ECF No. 16 at PageID# 64.) Plaintiff also claims that Defendant prison officials Rob Jeffreys and Inspector Whitten "'demonstrated deliberate indifference and [dereliction] of duty in violation of Ohio Revised Code 2941.44 [sic 2921.44].'" (*Id.* at PageID# 64 (quoting Pl.'s Compl.).) In particular, Plaintiff alleges that these Defendants failed to take corrective action to address the "risk" when they disapproved Plaintiff's request for protective custody. (*Id.*)

Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted in favor of Defendants. When the Court receives objections to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; see also *Ridenour v. Collins*, 692 F. Supp. 2d 827, 829 (S.D. Ohio 2010).

In this case, the Court is reviewing the Magistrate Judge's recommendation to grant Defendants' motion for summary judgment. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed.R.CivP. 56(a). The Magistrate Judge found that Defendants were entitled to summary judgment. Specifically, the Magistrate Judge ruled (1) that to the extent Plaintiff asserted

"official capacity" claims against corrections officers employed by the ODRC, such claims were barred by the Eleventh Amendment, (2) that Plaintiff's claims against the three lieutenants are barred by Plaintiff's failure to exhaust administrative remedies, and (3) Plaintiff failed to create a genuine issue of material fact with respect to his constitutional claims against Warden Jeffreys. (ECF No. 51 at PageID# 441-46.)

The Magistrate Judge's Report and Recommendation specifically advised the parties of the time period for filing objections (14 days) and that the failure to object would result in a waiver of the right to have the undersigned judge review the Report and Recommendation de novo. (*Id.* at PageID# 447.) Plaintiff did not file objections within 14 days, but, rather, asked for an extension of time within which to file his objections. (ECF No. 53.) The Court granted the Motion, giving Plaintiff until September 3, 2013, to file his objections. (ECF No. 54.) Plaintiff did not file his objections in this Court until September 9, 2013. (ECF No. 55.)

**II.**

As a threshold matter, this Court must address the timeliness of Plaintiff's objections to the Report and Recommendation. Defendants filed a "motion to dismiss" the objections (ECF No. 58) on the basis that they are untimely, having been filed six days after the deadline as extended by this Court. Though the Court considers Defendants' "motion" a misnomer, it nonetheless regards Defendants' "motion" as a response to Plaintiff's objections, asserting untimeliness as a reason to overrule or disregard them.[1]

A failure to file timely objections not only waives the right to de novo review of a Magistrate's Report and Recommendation, but dispenses with the need for the district court to

[1] Defendants' motion is a misnomer because courts "dismiss" actions, not individual filings within an action. The Court could understand if Defendants filed a "motion to strike" Plaintiff's objections as untimely or if Defendants simply filed a response to the objections raising the timeliness issue (*i.e.*, what the Court has treated Defendants' filing to be). But a "motion to dismiss" is, as a technical matter, not within the universe of filings that would accomplish what Defendants seek to do here.

conduct any review. *See Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445, 450 (6th Cir. 2007); *see also United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981) (holding that a party's failure to object to a magistrate judge's report within the time provided for filing waives that party's right to appeal); *Thomas v. Arn*, 474 U.S. 140, 142 (1985) (approving *Walters* rule). This rule is procedural and not jurisdictional, and the court may excuse compliance with it in the interests of justice. See *Thomas*, 474 U.S. at 155. But while the court *may* excuse compliance, it is not required to do so. *See e.g. Teare v. Independence Local Sch. Dist. Bd. of Edn.*, No. 1:10-cv-1711, 2011 U.S. Dist. LEXIS 113185, at *2 (N.D. Ohio Sept. 30, 2011) (finding that failure to file timely objections "dispenses with the need for the district court to conduct any review"); *Stoutamire v. Morgan*, No. 4:10-cv-2657, 2011 U.S. Dist. LEXIS 149987, at *2 (N.D. Ohio Dec. 30, 2011) (declining to consider untimely filed objections).

This Court granted Plaintiff an extension of time for filing his objections to the Magistrate's Report and Recommendation, giving him until September 3, 2013 within which to file them. (ECF No. 54.) Despite this extension, Plaintiff filed his objection on September 9, 2013. (ECF No. 55.) On its face, Plaintiff's objection is untimely by six days.

In the interests of justice, the Court may allow the late filing of objections. But Plaintiff does not show any reason to justify his late filing. Instead of explaining his untimeliness, Plaintiff takes the bizarre position that his objection was timely filed.

To explain how his filing is timely, Plaintiff first invokes Fed. R. Civ. P. 6(d), which states: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."[2] But this rule is inapplicable and is of no help to Plaintiff in any event. The

---

[2] Plaintiff actually cites (and quotes from) former Ohio Civ. R. 6(E) for this proposition. This being federal court, however, it is the federal rule of civil procedure that applies.

rule is inapplicable because the Court set a *date certain* for Plaintiff's objection being due (September 3, 2013); the Court did *not* anchor the deadline to a specified time after service. Moreover, even if the three-day rule were to apply, it would mean only that Plaintiff's objections were due on September 6, 2013. Even if September 6th were the due date, Plaintiff's filing on September 9, 2013 was still untimely.

Nor does application of the so-called "prison mailbox rule" help Plaintiff. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Under the "prison mailbox rule," a pro se prisoner's filing is deemed filed when it is handed over to prison officials for mailing to the court. *Id.* (citing *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam) (extending *Houston v. Lack*, 487 U.S. 266 (1988)). As evidence of when the prisoner handed over the filing to the prison, courts look to the date the prisoner signed the filing, absent contrary evidence. *Id.* at 925; *see also Scoba v. Brigano*, 259 F. App'x 713, 718 (6th Cir. 2007) (looking at the date on the certificate of service to ascertain timeliness of the inmate's motion for an extension of time to effect service). In this case, however, the Court has before it no evidence from which to ascertain when Plaintiff handed over his objection to prison officials for mailing. Plaintiff's certificate of service is conspicuously undated. (ECF No. 55 at PageID# 457.) Accordingly, Plaintiff has not established the timeliness of his objection, even if the Court were to give him the benefit of the prison mailbox rule endorsed by the Sixth Circuit.

For these reasons, the Court deems Plaintiff's objection to be untimely filed. Because Plaintiff has failed to file timely objections to the Magistrate's Report and Recommendation, the Court need not undertake a de novo review. The Court has nevertheless reviewed the Report and Recommendation and finds no error in the analysis of the Magistrate Judge.

**III.**

The Court **OVERRULES** Plaintiff's objections (ECF No. 55) as untimely, **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 51), and **GRANTS** Defendants' motion for summary judgment (ECF No. 42).

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE